UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DEANGELIS,

    Plaintiff,         Case Number: 2:21-CV-12722
                    HONORABLE SEAN F. COX
v.

N. NAGY, *ET AL.*,

    Defendants.
_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL AND DIRECTING SERVICE

### I. Introduction

  This is a *pro se* prisoner civil rights action. Michigan prisoner Michael Deangelis is incarcerated at the Cotton Correctional Facility. He names seventeen defendants and alleges violations of the First, Sixth, Eighth and Fourteenth Amendments and the Americans With Disabilities Act, 42 U.S.C. § 12131, *et seq.* (ADA). He names all defendants in their personal and official capacities and seeks monetary and injunctive relief.

  For the reasons discussed below, the Court dismisses defendants Heidi Washington, N. Nagy, H. Elum, Stevens, Rocker, and the Michigan Department of Corrections (MDOC). The Court also dismisses, for failure to state a claim, the following claims: (1) Plaintiff's claim filed under the ADA; (2) Plaintiff's First Amendment claim premised on his right of access to the courts; (3) Plaintiff's claim that defendants violated

the Equal Protection Clause; and (4) Plaintiff's First Amendment retaliation claim. Finally, the Court dismisses Plaintiff's claims for monetary and non-prospective injunctive relief against defendants in their official capacities based on Eleventh Amendment immunity.

## II. Factual Allegations

Plaintiff's complaint concerns the conditions of his confinement at the G. Robert Cotton Correctional Facility in Jackson, Michigan. He names eighteen defendants.

Plaintiff alleges that defendants were deliberately indifferent to his medical needs by failing to protect him from contracting Covid-19. He claims that he was placed in a unit where approximately 80% of the inmates had Covid-19 and that the defendants failed to follow and enforce pandemic-related precautions such as masking and social distancing. As a result, Plaintiff contracted Covid-19 and suffered physical and mental injuries. He alleges defendants Nagy, H. Washington, Schubring, Kisor, Landfair, Stricklin, Austin, and the Michigan Department of Corrections failed to properly treat his Covid-19 infection and also failed to provide medical care for his other health conditions including impaired kidney function. After Plaintiff filed multiple grievances challenging the failure to follow Covid-19 protocols, Plaintiff was placed on modified grievance status. He claims the modified status was imposed in retaliation for filing grievances.

Plaintiff states that, for approximately 16 months, he has been exposed to second-hand smoke. This exposure, he claims, was known to and permitted by defendants Nagy, Washington, White, Cobb, Schubring, Kisor, and Landfair. He claims that exposure to

2

second-hand smoke has necessitated treatment at the prison infirmary and a hospital.

Plaintiff also claims that defendants Nagy, H. Washington, White, Cobb, Schubring, and Kisor, have allowed gang activity, violence, theft, and drug use to proliferate within the facility. He states that, as a result of defendants failure to control this activity, he was assaulted on August 9, 2021, and his property was stolen on November 7, 2021.

Finally, Plaintiff states that defendants denied him access to the courts. In particular, he alleges that defendant Elum, law library supervisor, denied him legal copies and legal research materials.

### III. Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)) and Fed. R. Civ. P. 8(a)(2). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### IV. Discussion

A.  <u>Americans With Disabilities Act</u>

Plaintiff claims that defendants violated the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213. It appears that Plaintiff intends to allege a violation of Title II of the ADA, 42 U.S.C. §§ 12131-12165, which applies to public entities.

In order to state a claim under Title II of the ADA, a plaintiff must establish: (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or was denied the benefits of the services, programs, or activities of a public entity; and (3) that such discrimination was because of his disability. *See* 42 U.S.C. § 12132. In the ADA, the term "disability" is defined as follows: "[1] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [2] a record of such an impairment; or [3] being regarded as having such an impairment ...." 42 U.S.C. § 12102(2).

A complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Plaintiff has not clearly identified his alleged disability, has not alleged what "service, program, or activity" he is qualified for but has been denied or how he has been subjected to discrimination. Plaintiff further has failed to allege facts suggesting any discrimination was motivated by his disability. *See O'Brien v. Michigan Dep't of Corr.*, 592 Fed. App'x 338, 344 (6th Cir. 2014) (holding that plaintiff must allege facts from which it may be inferred that defendants' actions were motivated by disability).

Plaintiff's conclusory allegation that the defendants violated the ADA fails to state a claim.

B.  Right of Access to the Courts

Plaintiff claims that his right of access to the courts was violated because he was denied legal copies and law library access to "work on ...case preparations." (ECF No. 1, PageID.16.)

Prisoners have a constitutionally-protected right of access to the courts under the First and Fourteenth Amendments. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). There is no generalized "right to litigate" which is protected by the First Amendment and "a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). An access to the courts claim has "unique pleading requirements: a plaintiff must plead a case within a case, alleging the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost." *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011). A complaint is insufficient to meet this pleading standard "if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Moreover, "[i]n order to state a claim for interference with access to the courts, ... a plaintiff must show actual injury." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (*citing Thaddeus-X*, 175 F.3d at 394).

Plaintiff fails to set forth specific allegations that any harm was done. He vaguely

alleges the denial of access to legal materials and copies. But, he fails to identify the legal materials sought, the nature of the claim(s) he wished to bring, or that his access to the courts was actually impeded. He also fails to connect the alleged deprivation to the actions of any of the defendants. A "theoretical" or speculative violation of a prisoner's right of access to the courts is insufficient to satisfy the minimum pleading requirements. *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001). Because Plaintiff fails to allege that the defendants acted in a way that impeded his ability to pursue a direct criminal appeal, a habeas petition, or a civil rights action, he fails to state a claim upon which relief may be granted. Additionally, because Plaintiff makes no further allegations against Defendant Elum, he will be dismissed from this action.

    C.    Equal Protection Clause

Plaintiff asserts a conclusory claim that Defendants violated his right to equal protection. Prisoners are entitled to equal protection under the law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The linchpin of an equal protection claim is that the government has intentionally treated people who are similarly situated in a different manner based upon an improper factor such as race, gender, or age, or in the absence of a rational basis for the disparate treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff fails to explain in any way how he has been treated differently from others who are similarly situated. Further, prisoners are not members of a protected class for equal protection purposes. *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). This claim will be dismissed.

D. Retaliation

Plaintiff claims that defendants Cobb, Nagy and White retaliated against him for filing grievances. He claims that the retaliatory action was his placement on modified access to the grievance system.

Retaliation based upon a prisoner's exercise of his constitutional rights violates the First Amendment. *Thaddeus-X*, 175 F.3d at 394. To set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there was a causal connection between elements one and two, i.e., the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Id.* Plaintiff's factual allegations fail to satisfy the second element because the Sixth Circuit has held that placement on modified access does not constitute an adverse action for purposes of a retaliation claim. *See, e.g., Alexander v. Vittitow*, No. 17-1075, 2017 WL 7050641, at *5 (6th Cir. Nov. 9, 2017); *Walker v. Mich. Dep't of Corr.*, 128 Fed. App'x 441, 446 (6th Cir. 2005); *Kennedy v. Tallio*, 20 Fed. App'x 469, 471 (6th Cir. Sept. 26, 2001). Because placement on modified access does not constitute an adverse action, this claim will be dismissed.

E. Eleventh Amendment Immunity

Plaintiff sues all defendants in their personal and official capacities. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments (including the MDOC) for monetary and non-prospective injunctive relief unless the state

has waived its immunity and consented to suit or Congress has abrogated that immunity. *Id.* at 66. "The state of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Construction, LLC v. Codell*, 137 Fed. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies," but does not preclude prospective injunctive relief. *McCormick v. Miami University*, 693 F.3d 654, 661 (6th Cir. 2012) (quotation omitted). Because a claim against state employees in their official capacities is treated as a claim against the state itself, Eleventh Amendment immunity applies. *See* Colvin v. Caruso, 605 F.3d 282, 289 (6th Cir. 2010).

Plaintiff's claims for monetary damages and non-prospective injunctive relief against defendants in their official capacities and against the MDOC will be dismissed.

F. <u>Defendants Heidi Washington and Noah Nagy</u>

Plaintiff's claims against MDOC director Heidi Washington and warden N. Nagy are based upon their supervisory authority. The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell*, 436 U.S. at 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to supervise, train or

9

control an employee is not actionable under § 1983, unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ." *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).

Plaintiff fails to allege that defendants Nagy and Washington engaged in any "active unconstitutional behavior" rather than a "'mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). He, therefore, fails to state a claim against them.

G.  Defendants Rocker and Stevens

Plaintiff claims that his personal property, worth $77.90, was stolen because defendant Rocker failed to provide him with a lock. He also claims that defendant Stevens did not review a video recording to investigate who took Plaintiff's property. These claims fail to state a constitutional deprivation.

The negligent or intentional deprivation of a prisoner's property does not state a claim under § 1983 if adequate state remedies are available to redress the wrong. *Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981) (ruling that negligence does not amount to a "deprivation" implicating due process) (overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327, 328 (1986)). To maintain a §1983 action "claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). Plaintiff

10

has not alleged or shown that Michigan's judicial remedies are inadequate or that it would be futile to present his claim in the Michigan state courts. He has an adequate remedy in the state courts. *See Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995). Thus, Plaintiff fails to state a claim upon which relief may be granted under § 1983 against defendants Stevens and Rocker.

## V. Conclusion

The Court DISMISSES Heidi Washington, N. Nagy, H. Elum, Stevens, Rocker, and the Michigan Department of Corrections because Plaintiff fails to state a claim upon which relief may be granted against these defendants.

The Court also DISMISSES, for failure to state a claim, the following claims: (1) Plaintiff's claim filed under the ADA; (2) Plaintiff's First Amendment claim premised on his right of access to the courts; (3) Plaintiff's claim that defendants violated the Equal Protection Clause; and (4) Plaintiff's First Amendment retaliation claim.

Finally, the Court DISMISSES Plaintiff's claims for monetary and non-prospective injunctive relief against defendants in their official capacities based upon Eleventh Amendment immunity.

The Court determines that service of the Complaint is appropriate on the remaining defendants. The Court **DIRECTS** that a copy of Plaintiff's Complaint and a copy of this Order be served by the United States Marshal without prepayment of costs on the remaining defendants.

**SO ORDERED**.

                                        s/Sean F. Cox  
                                        Sean F. Cox  
                                        United States District Judge

Dated: May 19, 2022