UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DEANGELIS,                    Case No.: 21-12722
     Plaintiff,
v.                                    Sean F. Cox
                                      Chief United States District Judge
T. COBB, *et al.*,
     Defendants.
                                      Curtis Ivy, Jr.
_____/            United States Magistrate Judge


**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR
INJUNCTIVE RELIEF (ECF  No. 47)**

     Plaintiff filed this prisoner civil rights suit on November 16, 2021, without

the assistance of counsel.  (ECF No. 1).  He alleged Eighth Amendment violations

for denial of medical care and for failure to protect him from an assault.  Plaintiff

moved for a temporary restraining order and an injunction on October 26, 2022.

(ECF No. 47).

     For the reasons discussed below, the undersigned recommends that

Plaintiff's motion be denied.

     A.    Standards for Injunctive Relief

     Federal Rule of Civil Procedure 65 governs injunctions and temporary

restraining orders.  The decision to grant or deny injunctive relief falls solely

within the discretion of the district court.  *See Ohio Republican Party v. Brunner*,

543 F.3d 357, 361 (6th Cir. 2008).  In the Sixth Circuit, the "same factors [are]

considered in determining whether to issue a TRO or preliminary injunction." *Id.*
Thus the Court can evaluate both the temporary restraining order and the
preliminary injunction by the same analysis. *See also id.* (applying the
aforementioned factors to a temporary restraining order); *Overstreet v. Lexington-
Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (applying the same to
a preliminary injunction).  In exercising its discretion, a court must consider
whether plaintiff has established these elements: "(1) whether the movant has a
strong likelihood of success on the merits; (2) whether the movant would suffer
irreparable injury without the injunction; (3) whether issuance of the injunction
would cause substantial harm to others; and (4) whether the public interest would
be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v.
Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014).  Plaintiff, as the moving party, bears
the burden of demonstrating entitlement to injunctive relief.  *Leary v. Daeschner*,
228 F.3d 729, 739 (6th Cir. 2000).

"The purpose of a preliminary injunction is to preserve the status quo until a
trial on the merits."  *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing
Co.*, 860 F.3d 844, 848 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S.
390, 395 (1981)).  As explained by the Sixth Circuit, "a party moving for a
preliminary injunction must necessarily establish a relationship between the injury
claimed in the party's motion and conduct asserted in the complaint."  *Colvin v.*

*Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d

470, 471 (8th Cir. 1994)).  Simply put, a plaintiff is not entitled to a preliminary

injunction on claims not pending in the complaint.  *See Ball v. Famiglio*, 396 F.

App'x 836, 837 (3d Cir. 2010).

    B.    Discussion

Plaintiff's motion should be denied because it bears no relationship to the

claims in the complaint.  He seeks an injunction against defendants Cobb and

White and non-parties for discarding his legal mail and documents.  He asserts that

these individuals targeted him to remove his legal documents and to prevent him

from filing grievances.  (ECF No. 47, PageID.515-16).  The claims remaining in

the complaint are for denial of medical care and for failure to protect him from an

assault.

The assertions in the motion are unrelated to the complaint.  As explained,

this relationship is required before injunctive relief may be granted.  *See Colvin*,

605 F.3d at 300.  For example, in a similar case the plaintiff requested injunctive

relief to prevent prison officials from removing his legal documents.  That court

denied the motion, explaining

> Plaintiff's underlying claim in this case is based upon his
> contention that improper withdrawals were made from
> his inmate trust fund to pay restitution for his prior
> criminal conviction.  On the other hand, as set forth
> above, his request for injunctive relief is based upon
> prison officials' alleged handling of legal mail and legal

> documents, a matter unrelated to the underlying claim.  If
> Plaintiff's allegations concerning prison officials'
> interference with his legal correspondence and
> documents are true, he may have separate potential
> claims regarding such matters.  However, Plaintiff may
> not address those potential and unrelated claims in this
> pending action through a request for injunctive relief.

*Taylor v. United States*, 2019 WL 8441696, at *2 (W.D. Tenn. Sept. 6, 2019)

(footnote omitted); *report and recommendation adopted*, 2020 WL 587650 (W.D.

Tenn. Feb. 6, 2020).

Because none of Plaintiff's claims bear a relationship to the removal of legal

mail and documents, the motion should be denied.

C.      Procedures on Objections

For the reasons set forth above, the undersigned **RECOMMENDS** that

Plaintiff's motion for temporary restraining order or injunction (ECF No. 47) be

**DENIED**.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and

Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  November 1, 2022

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on November 1, 2022.

                              <u>s/Kristen MacKay</u>
                                Case Manager
                                (810) 341-7850